OPINION
{¶ 1} Defendant-appellant Glenn Holmes [hereinafter appellant] appeals from his conviction and sentence in the Guernsey County Court of Common Pleas on one count of trafficking in marijuana. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} This appeal concerns the validity of search warrants. A brief review of the events that lead to the issuance of the search warrants will be of assistance in understanding the issues on appeal.
 {¶ 3} This matter began with a burglary at the residence of Theresa Costello on May 24, 2001. Costello returned to her home while the burglary was concluding and saw a man running into the woods. Costello contacted the Guernsey County Sheriff's Department to report the crime. Costello claimed that two piggy banks and some money were missing from her home.
 {¶ 4} At about the same time, an Ohio State Highway Patrol Officer reported seeing John Lindy Rothwell near the burglary scene. Rothwell was arrested for the burglary. During taped interrogations on the night of May 24, 2001, and the morning of May 25, 2001, Rothwell told the investigators that he had been with Raymond Stillions when Stillions burglarized the Costello residence, and that stolen property was located in Stillions' home. Although not recorded, according to Detective Pollock of the Guernsey County Sheriff's Department, Rothwell also claimed that the money was kept in a jar on top of the bread basket in Stillions' kitchen, that Stillions had marijuana hidden in the refrigerator in his home and that appellant supplied marijuana to Stillions. Rothwell later denied that he told authorities that Stillions had marijuana in his freezer or that appellant supplied marijuana to Stillions.
 {¶ 5} Based upon Rothwell's implication of Stillions, the Guernsey County Sheriff's Department obtained a search warrant for Stillions' home. During the search of Stillions' home, the officers found marijuana right where Rothwell said it would be located, and a jar containing money, right where Rothwell said it would be found. During the search of Stillions' home, a woman who shared the home with Stillions, Jennifer Rockwell, stated that appellant was Stillions' marijuana supplier and that Stillions picked up the marijuana from one of appellant's residences.
 {¶ 6} Based upon that information, the Guernsey County Sheriff's Department obtained search warrants to search appellant's two residences.
 {¶ 7} On June 28, 2001, as a result of the searches, appellant was indicted on one count of receiving proceeds deprived from a pattern of corrupt activity by trafficking in drugs, in violation of R.C.2925.03(A)(2) and (C)(3)(c), one count of selling or offering to sell more than 200 but less than 1,000 grams of marijuana, with school specification, in violation of R.C. 2925.03(C)(3)(c), and preparing to transport, ship, deliver and distribute more than 200 but less than 1,000 grams of marijuana for resale, with school specification, in violation of R.C. 2925.03(A)(2).
 {¶ 8} Appellant moved to suppress the evidence, alleging that the information relied upon by the State was insufficient to support issuance of search warrants and that the search warrants suffered from defects which rendered them void. After an evidentiary hearing, the trial court denied the motion.
 {¶ 9} Following denial of the motion, appellant entered into a plea agreement in which appellant pled no contest to one count of trafficking in marijuana, in violation of R.C. 2925.03(C)(3)(c). The other counts were dismissed. On April 23, 2002, the trial court imposed a sentence of two years of incarceration, a forfeiture and a $10,000.00 fine.
 {¶ 10} It is from that conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 11} "The trial court erred to the prejudice of Defendant-appellant in denying a motion to suppress the evidence obtained pursuant to a search warrant executed on defendant-appellant's residences."
 {¶ 12} In the sole assignment of error, appellant contends that the trial court erred when it denied appellant's motion to suppress the evidence obtained pursuant to search warrants executed on appellant's residences. We disagree.
 {¶ 13} Appellant argues that the affidavits supporting the search warrants were legally insufficient to support the issuance of the warrants. When assessing the adequacy of an affidavit submitted to support a request for a search warrant, the issuing magistrate or judge must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. George (1989),45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus (quotingIllinois v. Gates (1983), 462 U.S. 213, 238-39, 76 L.Ed.2d 527).
 {¶ 14} "In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a [trial court], an appellate court should [not] substitute its judgment for that of the [trial court] by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the [trial court] had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, appellate courts should accord great deference to the [trial court's] determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." George, 45 Ohio St.3d at paragraph two of the syllabus (citing Gates,462 U.S. at 213).
 {¶ 15} "Probable cause means the existence of evidence, less than the evidence that would justify condemnation, such as proof beyond a reasonable doubt or by a preponderance; in other words, probable cause is the existence of circumstances that warrant suspicion." State v. Young,146 Ohio App.3d 245, 2001-Ohio-4284, 765 N.E.2d 938. Consequently, the standard for probable cause does not require a prima facie showing of criminal activity; rather, the standard requires "only a showing that a probability of criminal activity exists." Id.
 {¶ 16} In this case, the affidavit presented by Detective Pollock stated the following:
 {¶ 17} "On or about the 24th day of May, 2001, John Lindy Rothwell was arrested by the Guernsey County Sheriff's Department. Mr. Rothwell indicated that [sic] to officers that Raymond Stillions had some of the stolen items at his residence. Further, in his statements, he advised that Raymond Stillions had a quantity of Marijuana that he would keep in his freezer on the right hand side. The money was kept in the jar on top of the bread basket in the kitchen. Officers obtained a search warrant for Mr. Stillions' residence. The statements of Mr. Rothwell were corroborated in total and that six bags of Marijuana were found in the freezer and money was found in the jar on top of the bread basket.
 {¶ 18} "In his initial statement to the law enforcement, Mr. Rothwell indicated that Mr. Stillions' supplier was Glenn Holmes.
 {¶ 19} "During the search of Mr. Stillions' residence, the other occupant, Jennifer Rockwell, was detained. She indicated to Officers that Mr. Holmes was Mr. Stillions [sic] supplier of Marijuana. She indicated that Mr. Stillions would pick up this Marijuana from either of Glenn Holmes' residence [sic], being the residence at 59590 Vocational Road, Byesville, Ohio 43723 or the two story red brick home at 227 So. 5th Street, Byesville, Ohio 43723.
 {¶ 20} "Based upon the above, it is respectfully believed that Marijuana and other drug paraphernalia is [sic] located in the residences of Glenn Holmes."
 {¶ 21} When the affidavit is reviewed, we find that the issuing court had a substantial basis upon which to conclude that probable cause existed to issue the warrants. The affidavit showed an informant whose information had proved correct in the past and who stated that he knew appellant provided marijuana to someone the informant knew, Stillions. Further, a woman who resided with Stillions, Jennifer Rockwell, corroborated Rothwell's statement that Stillions got his marijuana from appellant. Rockwell further stated that Stillions picked up his marijuana from either of appellant's two residences.
 {¶ 22} Thus, the affidavit provides information regarding illegal activity which is corroborated by another source, Rockwell. The affidavit also establishes a connection between the illegal activity and appellant's two residences. Further, the informant Rothwell's veracity and knowledge is corroborated by finding the money and marijuana in Stillions' home just as Rothwell had told the police and by Rockwell's statements to police.
 {¶ 23} Appellant points out that at the hearing on appellant's motion to suppress Rothwell denied that he ever made statements about appellant being the marijuana supplier and points out that while other statements were recorded, appellant's alleged statement regarding the marijuana was not recorded. Appellant seems to be challenging whether the affidavit contained a false or misleading claim. The police have an affirmative obligation to ensure affidavits submitted in support of an application for a search warrant do not contain misleading or false information. Franks v. Delaware (1978), 438 U.S. 154, 155-156,98 S.Ct. 2674, 57 L.Ed.2d 667. However, we do not find that Rothwell's denial of the statement is dispositive of the issue. The trial court heard conflicting testimony between Rothwell and Detective Pollock and apparently chose to believe Detective Pollock.
 {¶ 24} Appellant also points out that Rothwell has a lengthy criminal record, is an alcoholic, and was once deemed incompetent to stand trial. However, Rothwell testified that he was later deemed competent and the trial court heard Rothwell's testimony and assessed his credibility.
 {¶ 25} Upon review of the totality of the circumstances, we find the warrants were supported by probable cause. Appellant's sole assignment of error is overruled.
 {¶ 26} The judgment of the Guernsey County Court of Common Pleas is affirmed.
By: Edwards, J., Gwin, P.J. and Hoffman, J. concur.
In Re: Trafficking/Motion to Suppress.